MAY 7 2026 PM3:38
FILED - USDC - FLMD - TPA

## MIDDLE DISTRICT COURT OF FLORIDA TAMPA DIVISION

Certified Mail: 9589071052703843818297

CASE NO.: 8:26-CV-01368-TPB-CPT

VINCENT MICHAEL RODRIGUEZ

      PLAINTIFF

VS.

1. PLANET HOME LENDING LLC
2. M&T BANK

      DEFENDANTS

BREACH OF CONTRACT
ORGANIZED FRAUD
NO PROOF NOTICE OF DEFAULT

DEMAND FOR JURY TRIAL

COMES NOW, The Plaintiff is Rodriguez, Vincent Michael, as a living man and not an artificial legal entity, standing in my own equitable and natural rights. Propria Persona, Sui Juris. I am suing Planet Home Lending LLC. AND M&T BANK, pursuant to F.S 817.034 (ORGANIZED FRAUD).

### JURISDICTION & VENUE

1. Jurisdiction in the Tampa Middle District is proper due to Planet Home Lending LLC being located at 321 Research Parkway, Suite 303, Meriden, CT 06450. AND M&T BANK location At 345 Main St. Buffalo NY 14203. Damage exceeds $75,000. FDCPA and TILA laws are violated. Jurisdiction of this court is under 28 USC sec. 89 regarding real estate settlement procedures act and 15 USC 1692 regarding fair debt collection practices act and over the statutory and common law violations of Florida. Venue is proper in that all defendants conducted business in Florida.

### CLAIMS AND FACTS - COMPLAINT PERSUANT TO UCC 3-603 (TENDER OF PAYMENT), 3-505 (EVIDENCE OF DISHONOR) DENIAL OF GOOD FAITH ATTEMPT TO PAY

1. A Notice of Default was never received in the mail, due to the fact that it was sent via first class mail. Therefore, I have opened an investigation at USPS on a recorded line, asking for the tracking of the mail, and the administrator replied that there is no tracking that can possibly be found on my behalf, therefore, nor can the servicer counter claim that I received the notice of default. CASE LAW: National City Mortgage V. Richards, Rozmarin V. Shellpoint mortgage, Suarez et al V. Nationstar Mortgage, Russell V. Aurora Loan, **Laurencio v. Deutsche Bank Nat'l Trust Co., 65 So. 3d 1190, 1192 (Fla. Dist. Ct. App. 2011)**: Discusses the requirement that the mortgagor

NP

receive notice of the default and an opportunity to cure. AFTER I sent a Qualified Written Request on February 24, 2026 via certified mail, (EXHIBIT) I received all documents 55 days later with all forms and letters for opportunities to cure, the loan was duel-tracked because the servicer threatened foreclosure without a notice of default and swapped the term "reinstatement" for the simple payment plan that myself and the veterans affairs loan technician were seeking. I was offered the chance to cure for "$2900 dollars for January, February, March," etc. i was explicitly told I would be "called back" to no avail. This is commercial dishonor and malicious intent toward customers.

2.      Planet Home Lending LLC, also known as Planet Management Group, located at 120 Erie Canal Drive, Suite 240-A, in Rochester NY, 14626 AND/OR 321Reasearch Parkway Suite 303 Meriden, Connecticut 06450 (AND) The Warehouse Financer, M&T Bank's Principal place of business at 345 Main St. Buffalo, NY 14203, Clay. Defendants Commited Conspiracy in Contract Fraud And failing to honor conditional acceptance Offer made to me on January 29th 2026, in order to satisfy obligations, by refusing my capital tenure and ability to stand in honor. Never producing proof of service for Notice of Default. BREACH OF CONTRACT.

4.   The corporation or businesses of Planet Home Lending LLC. AND M&T BANK did the alleged acts through its offenses by their officers' directors' employees agents and representatives and administrators while they were acting within the actual or ostensible scope of their authority.   At all relevant times each defendant committed acts caused or directed others to commit the acts or permitted others to commit the acts alleged in this complaint.

5.   Knowing or realizing that other defendants were engaging in or planning to engage in unlawful conduct each defendant nevertheless facilitated the Commission of those unlawful acts each defendant intended to and did encourage facilitate or assist in the Commission of the unlawful acts and thereby aided and abetted the other defendants and the unlawful conduct and engage the continuous and multiple unfair and deceptive trade practices by means of technical commercial fraud And misrepresentations that affected Interstate commerce. I have numerous recordings with employees of PLANET HOME LENDING making no differentiation between a payment plan, which

is what I requested with help from the Veterans Affairs Loan Technician, or a reinstatement, in which I never received Notice of Default. I am refusing such fraudulent Coercion into a contract.

## CLAIM AGAINST PARTIES IN CONSPIRACY COMMIT COMMERCIAL FRAUD
## NOTICE OF DISHONER AND DENIAL OF MY FAITHFUL ATTEMPT TO MAKE DUE

1.    Pursuant to the U.C.C. 3-603, 3-302, 3-305, 1-308 AND FLORIDA CODE F.S 817.034 (ORGANIZED FRAUD), F.S 501.1377 (FORECLOSURE RESCUE FRAUD) PLANET HOME LENDING ADMINISTRATORS Disregarded my undue hardship claim due to Veterans Affairs psychiatric diagnosis and having cognitive lapse since August-October 2025. Upon realizing that I had a lapse in payments, I called on the day of January 29th 2026, I called with my VA loan technician, Frank Edmodson (VA loan # 17176233545) on a three-way call, him being a third party witness to the fact that I attempted to get back in good standing and remain in honor, requiring a payment plan that Planet Home "Lending" is failing to cooperate behind and take payments, but refuse my conditional acceptance offer. It is on a recorded line with a male admin officer, and I am requesting that the records be subpoenaed.

2.  On February 10th, 2026, I spoke with another female admin. over an hour and a half attempting to get back in good standing by making faithful attempts to stand in honor, and my conditional acceptance offers backed by capital are being refused. I am being told I am refusing to cooperate, when administration is disregarding my ability to maintenance  loan, so therefore the servicer is standing in dishonor and refusing to cooperate with myself in regard to accepting my equitable right to get back in a payment plan in a feasible manner, without being beckoned to pay excessive uncontracted funds, which would put myself in financial sabotage and thus forward would not be able to continue standing in honor regarding mortgage obligations.

3.  From the initial 3-way phone call with my VA loan technician acting as a third-party witness on Jan 29th 2026, I was told explicitly that I would receive a call back in order to pay set amount of "$2900" for the  month of January, February and next month of March 2026, in order to satisfy alleged fees, penalties and retracting A foreclosure proceeding that is operating fraudulently, due to the fact that I am not being accepted to pay. EXHIBIT ATTACHED FROM VETERANS' AFFAIRS. I am being coerced under threat and duress, essentially being forced into foreclosure when I had

explained myself being mentally incapacitated through the Veterans Affairs hospital and such psychiatric mental diagnosis.

4. I also had been considered an infant/minor, and not at the Age of Majority and proper capacity to sign documents during the time of October 13th 2021, upon which I was under duress and essentially robo-signing documents that were fraudulently comprised and cohesively presented. I also explained that during the past 5 or so months from today's date February 10th, 2026, since I missed payments on schedule, that I have been experiencing undue hardship financially and mentally. At this point, by no means do I not have the proper capital to get back in good standing, but this is a notice of dishonor on the servicer's behalf by denying my ability to maintenance the alleged loan and or mortgage thus forward.

## FACTS IN SUPPORT OF CLAIM AND DESCOVERABLE EVIDENCE SUCH AS PHONE RECORDINGS, COMPLAINTS TO SEVERAL BUREAUS INCLUDING THE CFPB, THE FBI, THE OFFICE OF INSPECTOR GENERAL AND FEDERAL TRADE COMMISION Et al.

1. All relevant serialized numbers listed herein as the plaintiff's numbers for mortgage. Loan # 10519308, Case # 171762333545, Title order # MP712101031, Parcel # 0124170010000016410, MIN # 10006300001646761, Account # 5200061869. I am being denied access verification to see listing in the Securities and Exchange commission's website for this loan being converted into stock and sold to investors on Wall Street once the loan is securitized and converted it forever lost its security, making the assignments of the trustee after an unknown date is a violation of law. The plaintiff is questioning the legitimacy of the mortgage and if there is a break in the chain of title, if the mortgage was never correctly endorsed by all parties according to the trusts pooling and servicing agreement the mortgage becomes null and void on its face.

2. The law of 1871 quotes that the note cannot be separated from the mortgage there is no evidence that M&T Bank nor any defendants and conspiracy to arbitrate administrative capacity and standing honor in due course of commerce had endorsed the note to anyone or that the mortgage was properly assigned to the now purported holder in due course, the bank known as M

& T. According to law the note would be put out of eligibility. <u>Ibanez versus Wells Fargo, January 7th, 2011, In The Supreme Court.</u>

3.    Defendants fraudulently concealed their wrongdoings that prevented plaintiff from discovering their cause of action the plaintiff has been injured by the fraud by defendants and has remained in ignorance of it without any fault or want of diligence or care on his part defendants made many misleading statements that the loan contained certain terms desirable to the consumer when it did not defendants use of deceit or trickery caused plaintiff to act to his disadvantage due to psychiatric diagnosis (Exhibit A) <u>I have in possession several recordings of dialogue with Planet Home Lending employees, and the USPS in regard to these matters in support of my main claims which are:  (1. NO PROOF OF SERVICE FOR NOTICE OF DEFAULT.) AND (2. BREACH OF CONTRACT.) AND (3. DENIAL OF PSYCIATRIC UNDUE HARDSHIP.) (4. NOTE SEPERATED FROM MORTGAGE, ORGANIZED FRAUD)</u>

<u>WHEREFORE, Plaintiff prays for judgment as follows as jointly and/or severally liable for all issues.</u>
1.    Costs and attorney fees pursuant to relevant USC statutes and relevant Florida law.
2.    Actual and statutory damages for violations of UCC AND USC Codes.
3.    Rescission of the entire mortgage and note of mounting to clear title to property with fixtures.
4.     Damages for deceptive practices in the amount of three times (3x) the interest paid,
5.    Clear title to the property stemming from exorbitant interest.
6.    Judgment against defendants for return of down payment, other payments plus interest.
7.    Cost of litigation as provided and prejudgment, post judgment interest at the maximum rate.
8.    Compensatory damages in the amount of 200,000 US dollars (Two Hundred Thousand) and punitive damages allowed by law and such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate by means of equitable common law, relevant legal statutory codes pursuant USC, UCC, FDCPA AND TILA.

<u>SECURITIZATION AUDIT AND STATEMENT OF FACTS SENT VIA CERTIFIED MAIL TO PLANET HOME LENDING THAT HAS GONE UNREBUTTED (CERT. MAIL EXHIBIT)</u>

<u>THE AFFIDAVIT OF TRUTH WITH INCORPORATED MEMORANDUM OF CASE LAW IN SUPPORT OF THE LAWSUIT CLAIMS AGAINST PLANET HOME LENDING AND M&T BANK.</u>

I, Rodriguez, Vincent Michael, "Affiant", am a Living Man, Sui Juris, operating in Propria Persona and not subject to any compelled performance under a statutory jurisdiction without my knowing, willing, and intentional consent. I am neither a corporate fiction, artificial person, transmitting utility, nor surety for any trust, estate, or commercial entity created in my name. I stand in my Natural Capacity as Grantor, Beneficiary, Executor, and Original Creditor of the estate to which my signature and labor are lawfully attached. Any and all references to the estate of VINCENT MICHAEL RODRIGUEZ or similar ALL CAPS constructs are recognized by me as separate commercial entities, distinct from my living being, and such entities may not lawfully be presumed to bind me, absent a fully disclosed, bilateral and lawful contract, <u>executed with meeting of the minds, lawful consideration, and full disclosure</u>. I reserve all unalienable rights under Natural Law, the Declaration of Independence (1776), the Constitution for the United States of America (1787), and the Bill of Rights (1791), including but not limited to the rights of life, liberty, property, due process, and trial by jury. I further preserve all rights under <u>UCC § 1-308</u> (Reservation of Rights Without Prejudice) and <u>UCC § 1-103</u> (preservation of common law remedies), as well as the Maxims of Equity: "Equity abhors fraud." "Fraud vitiates everything it touches."

## <u>Authorities Supporting Status</u>

<u>28 U.S.C. § 1746</u>(1): Affidavits made under penalty of perjury stand as evidence equivalent to sworn testimony. <u>Norton v. Shelby County, 118 U.S. 425 (1886)</u>: Acts void from inception cannot become valid by time or usage. <u>Chisholm v. Georgia, 2 U.S. 419 (1793)</u>: Sovereignty resides in the people, not artificial constructs. <u>UCC § 1-308</u>: Preserves rights without prejudice when compelled to sign. <u>UCC § 1-103</u>: Common law and equity remedies supplement the UCC unless displaced by explicit provisions.

## <u>Property & Contractual Capacity</u>

I am the original signatory to the alleged Promissory Note and Mortgage/Deed of Trust concerning the property commonly known as 18349 SHADY HILLS ROAD, SPRING HILL, FLORIDA 34610-6780. The property owned by Rodriguez Vincent Michael a single man Described below against a mortgage recorded within the office of the recorder of deeds in Pasco County to M&T Bank and or current servicer planet home lending and it is recorded As instrument number 202-122-1717 in book 10462 on page 2406 and holds title to subject property recorded in the office And the recorder of deeds Pasco County collection of deed instrument book and page listed above, deed originally granted on 10/19/2021.  All that certain lot or piece of land situated in Spring Hill Pasco County Florida bounded and described as follows: Two way lot number 1641 Plot of Suncoast Highlands fully described as follows: Commencing at the southeast corner of the northwest 1/4 of Section 1 Township 24 South, range 17 east, Pasco County Florida go thence South 00 degrees 14'07" east along the east line of said section 1A distance of 409.91 feet thence go S 89 degrees 52'35" West distance of 190.06 feet then go then S 23 degrees 15'45" West distance of 123.48 feet to the point of beginning thence continue S 23 degrees 15'45" West distance of 223 feet thence go S 66 degrees 44'15" West distance of 310 feet vents go N 23 degrees 1545 EA distance of 27.37 feet thence go north 00 degrees 1407 West distance of 51 feet thence go North 39 degrees 32'20" West distance of 325.68 feet to the point of beginning. Together with the mobile home located there 1985 SUNV GD0CFL50841101A (and) SUNV GD0CFL50841101 0B. Together with all the tenements hereditaments and the appurtenance there too belonging or in any ways appertaining to having and to hold the same in fee simple forever . These instruments were executed on or about October 13, 2021, under circumstances of non-disclosure, fraud, and misrepresentation by the alleged lender, trustee, and their successors and assigns. At no point did I knowingly, willingly, and intentionally waive my rights as Grantor, Beneficiary, Executor, Original Creditor of said property and estate. My signature was procured under color of law, omission, concealment, and fraudulent inducement. The financial institution(s) involved, including but not limited to Gershman Investment Corp D/B/A Gershman Mortgage, located at 3501 E. Frontage Rd. Tampa, FL 33607 AND/OR 16253 Swingley Ridge Rd. suite 400, Chesterfield, MO 63017, LOAN#: 10519308, CASE#: 171762333545, its successors, assigns, and alleged trustees—never provided lawful consideration as required by contract law and the Uniform

Commercial Code (UCC). Instead, they unlawfully converted my signed promissory note into a negotiable instrument, deposited it as an asset, and generated credit from my signature without disclosure. Said instruments were never bilateral contracts; rather, they lacked: Full Disclosure – I was not informed that my signature alone funded the transaction. Lawful Consideration – The bank risked nothing and provided no substance of its own. Meeting of the Minds – I was deceived into believing the bank lent me its money, when in fact, I was the source of value. Wet Ink Signatures by the Bank – No authorized officer of the bank provided a personal, commercial liability-bearing signature, rendering the contract void, ab initio. The mortgage lien claimed against the above-referenced property is therefore null, void, and fraudulent, as it arises entirely from concealment, fraud in the factum, and constructive conversion of my private credit into bank profit.

## Authorities Supporting Property & Capacity

12 U.S.C. § 24 (Seventh): National banks are authorized to lend money, not their credit. Howard & Foster Co. v. Citizens Nat. Bank, 130 S.E. 758 (S.C. 1927): A national bank cannot lend its credit by guaranteeing or creating obligations from another's note. First Nat. Bank of Tallapoosa v. Monroe, 69 S.E. 1123 (Ga. 1911): Banks may lend money, not credit; contracts lending credit are ultra vires and void. Merchants' Bank v. Baird, 160 F. 642 (8th Cir. 1908): Lending credit instead of money is beyond lawful authority. UCC § 3-305 (Fraud in the Factum): A defense exists when a party was deceived into signing a negotiable instrument without knowledge of its true nature. UCC § 3-302 to 3-308 (Holder in Due Course): Fraud, material alteration, or lack of consideration defeats enforceability of a negotiable instrument.

At the time I was also not of proper legal capacity, being not having attained the Age of Majority, according to Blacks Law Dictionary 2nd edition: " Legal Capacity is the attribute of a person who can acquire new rights or transfer rights or assume duties according to the mere dictates of his own will, without any restraint or hinderance arising from his status or legal condition"

## Separation of Identities & Fraudulent Alteration of the Note

The alleged Promissory Note executed by Affiant was fraudulently altered and treated as a negotiable instrument under Article 3 of the Uniform Commercial Code. Instead of acting as evidence of a bilateral loan contract, it was deposited and converted into a bank asset, creating

credit "out of thin air" through ledger entries. This constitutes fraud in the factum because Affiant was led to believe that money was being lent by the lender, when in fact Affiant's own signature generated the credit used to fund the transaction. Under 12 U.S.C. § 24 (Seventh), national banks are empowered to lend their money, not their credit. Courts have repeatedly held that attempts by banks to lend credit instead of money are ultra vires and void: First Nat. Bank of Tallapoosa v. Monroe, 69 S.E. 1123 (Ga. 1911): "A bank can lend its money, not its credit." Howard & Foster Co. v. Citizens Nat. Bank, 130 S.E. 758 (S.C. 1927): "Contracts whereby a national bank attempts to lend its credit are ultra vires and not binding." Merchants' Bank v. Baird, 160 F. 642 (8th Cir. 1908): A national bank cannot create liability by lending its credit. The bank and its officers failed to disclose the true nature of the transaction, thereby violating essential elements of contract law: Full Disclosure – omitted the fact that Affiant's signature alone generated the funds. Lawful Consideration – the bank risked nothing of its own assets, in violation of common law and contract principles. Meeting of the Minds – there was no genuine understanding between parties because material facts were concealed. Wet Ink Signature of Bank Officer – no authorized officer signed the instrument to bind the bank to commercial liability. Under the Uniform Commercial Code, these defects are fatal. UCC § 3-305(a)(1)(iii): Fraud in the factum is a complete defense against enforcement of an instrument. UCC § 3-407: A material alteration discharges the obligation unless the original terms can be shown, which the bank has failed to do. UCC §§ 3-302 to 3-308: Holder in Due Course doctrine does not protect a party acquiring an instrument through fraud, theft, or alteration. The fraudulent endorsement, transfer, and securitization of the note constitute securities fraud under the Securities Exchange Act of 1934 (15 U.S.C. § 78j, Rule 10b-5), as the note was converted into a financial security, assigned CUSIP numbers, and traded on markets without disclosure to or compensation of the original signatory. As a result of this fraudulent scheme: The mortgage lien purportedly securing the altered note is null and void, ab initio. All subsequent assignments, substitutions of trustee, or foreclosure actions relying upon the fraudulent note are equally void. The property remains free and clear of all unlawful claims arising from this defective and fraudulent instrument until this is information is PROVEN BEYOND A DOUBT AS ABSOLUTE FACTS OF THE MATTER.

**Trustee/Servicer Fraud & Land Records Concealment**

The alleged Mortgage/Deed of Trust was separated from the Promissory Note through unlawful assignments, securitization, and the use of private electronic systems (including, but not limited to, Mortgage Electronic Registration Systems, "MERS"). This bifurcation destroys the unity of note and mortgage, rendering both unenforceable in law and equity. It is a long-standing rule of law that the mortgage follows the note. If the note and mortgage are separated, enforcement is impossible: Carpenter v. Longan, 83 U.S. (16 Wall.) 271 (1872): "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Landmark Nat'l Bank v. Kesler, 216 P.3d 158 (Kan. 2009): MERS cannot transfer interests in notes it does not hold. Trustees and servicers routinely engaged in robo-signing and the filing of fraudulent assignments in county land records. This conduct creates a clouded title, violating the statutory requirement that land records accurately reflect true ownership. Constitutes fraud upon the court and public offices, as assignments were executed by individuals without lawful authority, often holding multiple contradictory "Vice President" or "Assistant Secretary" titles at different institutions simultaneously. Violates 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1341–1344 (mail/wire/bank fraud), and 18 U.S.C. § 241–242 (civil rights conspiracy and deprivation under color of law). County recorders, under statutory mandate, were deceived into recording instruments that were legally defective and materially false. Such acts taint the land records and deprive Affiant of due process and property rights in violation of: Fifth Amendment – property may not be taken without due process. Stat. 27 (Civil Rights Act of 1866) – guarantees right to own and convey property free from fraud and discrimination. UCC § 9-210 – requires full accounting of collateral obligations, which has never been provided by the alleged lender or trustee. By separating the Note from the Deed of Trust, concealing its securitization, and filing fraudulent assignments, the lender, trustee, and their agents created a non-existent lien on Affiant's property. Any foreclosure action brought under this scheme is void, ab initio, being based on a broken chain of title, false recording, and absence of standing.

## Authorities Supporting Trustee & Land Record Fraud

Carpenter v. Longan, 83 U.S. 271 (1872): Separation of note and mortgage voids enforcement. Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo. Ct. App. 2009): Transfer of deed

without note is ineffective.    In re Veal, 450 B.R. 897 (9th Cir. BAP 2011): A servicer must prove ownership of note to enforce mortgage.  18 U.S.C. § 1001: False statements in any matter within U.S. jurisdiction are criminal. 18 U.S.C. § 1341–1344: Mail/wire/bank fraud statutes apply to fraudulent foreclosure processes. 18 U.S.C. § 241–242: Criminal liability for conspiracy or deprivation of property rights under color of law.

## Historical & Statutory Foundations

The original legal framework for banking in the United States is rooted in the National Bank Act of 1864 (13 Stat. 99, enacted June 3, 1864). This Act granted national banks limited powers:  To lend money, To receive deposits, and To deal in bills of exchange. At no point did the Act authorize banks to lend credit or to monetize private notes into securities. Any such activity is ultra vires (beyond granted authority) and void. The Federal Reserve Act of 1913 (38 Stat. 251, December 23, 1913) created the Federal Reserve System, transferring issuance of national currency to a private central banking structure. This resulted in the substitution of private credit instruments (Federal Reserve Notes) for lawful money, in direct conflict with the Constitution's requirement that only gold and silver coins constitute tender in payment of debts (Article I, Section 10). Following the banking collapse of the Great Depression, House Joint Resolution 192 (HJR-192), Public Law 73-10 (June 5, 1933, 48 Stat. 112), declared that no creditor may require payment in gold, and all obligations may be discharged in "legal tender." This resolution effectively recognized that the people became the credit of the system, and thus, any mortgage contract demanding repayment in "dollars" (unbacked credit instruments) is void for impossibility, failure of consideration, and statutory fraud. The Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. (1968) requires full disclosure of credit terms. By failing to disclose that the borrower's promissory note funded the loan, banks violated TILA and engaged in fraud in the factum.  The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324 and the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub. L. 101-73, 103 Stat. 183, both restructured banking oversight, creating mechanisms for securitization of mortgages and systemic concealment of off-balance-sheet profits. These laws, while intended to stabilize financial institutions, enabled the packaging and selling of mortgage-backed securities without borrower disclosure, thereby violating securities laws and fiduciary duties. In addition, 12 U.S.C. § 83

expressly prohibits a national bank from making "any loan or discount on the security of the shares of its own capital stock." By monetizing private promissory notes as assets and creating credit against them, banks in effect hypothecate their own credit against private signatures, a practice barred by statute and condemned by courts. These historical enactments and prohibitions demonstrate conclusively that: Banks have no lawful authority to create money or lend credit. The substitution of private credit (FRNs) for lawful money invalidates mortgage contracts for want of lawful consideration. Post-1933, the people's labor and signatures became the collateral for all public debt, making any alleged mortgage repayment a double-charge and constructive fraud.

## Maxims of Law & Equity Reinforcing This

"Fraud vitiates everything it touches." (Broom's Maxims of Law) "Ex dolo malo non oritur actio" – No right of action arises from fraud. "Consent makes the law." – Without informed consent, no contract is binding. "He who comes into equity must come with clean hands." – A lender concealing material facts cannot seek equitable foreclosure.

## Summary & Declaration of Standing

Affiant stands as a living man/woman, sui juris, operating in propria persona, with full rights reserved under Natural Law, the Constitution for the United States of America (1789), the Bill of Rights (1791), and the organic constitution of the state of FLORIDA. Affiant is the Grantor, Beneficiary, Executor, and Original Creditor of the estate and property located at: 18349 SHADY HILLS ROAD, SPRING HILL, FLORIDA, 34610-6780. Any and all alleged contracts, mortgages, notes, deeds of trust, assignments, or substitutions of trustee entered into by or against Affiant were executed under conditions of fraud, concealment, failure of consideration, and impossibility of performance, and therefore are null and void, ab initio. The statutory and historical record demonstrates conclusively that banks have no lawful authority to lend credit or to monetize private notes into securities: National Bank Act of 1864, 13 Stat. 99 – authorized banks to lend money, not credit. Federal Reserve Act of 1913, 38 Stat. 251 – unlawfully substituted private credit for lawful money. HJR-192, Public Law 73-10, 48 Stat. 112 (1933) – suspended the right to demand payment in lawful money, making obligations payable only in discharge, not payment. 12 U.S.C. § 83 – prohibits banks from loaning against their own assets or credit. TEFRA (1982) & FIRREA (1989) –

institutionalized securitization of mortgages_without borrower disclosure, constituting constructive fraud. Securities Exchange Act of 1934, 15 U.S.C. § 78j – prohibits fraudulent misrepresentations in the sale of securities, violated by securitization of notes_without disclosure. By operation of these statutes and principles of law and equity, the alleged mortgage_contract is void because:  No lawful consideration was ever given (bank risked nothing). Fraud in the factum occurred (Affiant deceived as to true nature of the transaction).  Material alteration of the note destroyed enforceability.  Bifurcation of note and mortgage severed any lien rights.  Securitization without disclosure constitutes securities fraud.   Assignments and recordation's are fraudulent, creating clouds on title.

### Therefore, Affiant, standing in full capacity, does hereby declare:

That Affiant is not debtor, obligor, surety, or guarantor of any corporate entity or trust estate created in the ALL CAPS name.  That Affiant is the sole lawful owner of the property in question, free and clear of unlawful encumbrances. That any further attempts to enforce the fraudulent note or mortgage constitute fraud, conversion, constructive trust violations, and trespass upon property rights, punishable under common law, statutory law, and equity.

### Statement of Facts & Fraud Timeline - Loan Origination & Initial Fraud

On or about October 13, 2021 Affiant entered into an alleged mortgage transaction with Gershman Mortgage Corp, concerning the property commonly known as: 18349 SHADY HILLS ROAD, SPRING HILL, FL 34610-6780 At closing, Affiant signed a Promissory Note and a Deed of Trust/Mortgage under the belief that Affiant was receiving a loan of lawful funds from the lender. In truth, the lender provided no lawful consideration. The alleged loan was funded by Affiant's own signature on the Promissory Note, which the bank immediately converted into a negotiable instrument and deposited as an asset. The bank then issued a corresponding credit or check drawn against Affiant's own credit, in violation of:  12 U.S.C. § 24 (Seventh) – authorizing banks to lend money, not credit. First Nat. Bank of Tallapoosa v. Monroe, 69 S.E. 1123 (Ga. 1911) – "A bank can lend its money, not its credit." Howard & Foster Co. v. Citizens Nat. Bank, 130 S.E. 758 (S.C. 1927) – contracts whereby a bank attempts to lend credit are ultra vires and void. The bank concealed the fact that Affiant was the source of funds. This omission constitutes: Fraud in the factum under

UCC § 3-305, as Affiant was deceived into signing without knowledge of the true nature of the transaction. Failure of disclosure under the Truth in Lending Act (15 U.S.C. § 1601 et seq.) which requires creditors to fully disclose the finance charges, source of funds, and true terms of credit. No wet-ink signature of any bank officer appeared on the promissory note, meaning no authorized party assumed personal liability for the transaction. The alleged contract therefore lacked mutuality, bilateral obligation, and lawful enforceability. The Deed of Trust/Mortgage, purportedly securing the note, was recorded in the county land records under false pretenses — namely, that the bank had given lawful consideration and owned the note. This recordation constitutes constructive fraud against Affiant and clouds the property title.

## Securitization & Hidden Profits

After closing, the alleged lender did not retain the original note as a simple bilateral contract. Instead, the Promissory Note was: Endorsed "in blank" or specially endorsed, making it a bearer instrument. Transferred to a document custodian or trust vehicle. Assigned a CUSIP number, transforming the note into a marketable security. Pooled with other mortgage notes and sold as part of a mortgage-backed security (MBS) trust or collateralized debt obligation (CDO). This process of securitization generated profits for the bank and its affiliates through: Sale of the security to investors on domestic and international markets. Collection of servicing fees, insurance claims, and credit-default swap proceeds. Access to Federal Reserve facilities by pledging securitized assets as collateral. Affiant was never informed of, nor consented to, the securitization of the note. This constitutes: Fraudulent concealment and securities fraud under the Securities Exchange Act of 1934, 15 U.S.C. § 78j (Rule 10b-5), prohibiting fraudulent or misleading statements in connection with the sale of securities. Constructive fraud, as the lender held a fiduciary duty to disclose material facts affecting the borrower's obligations. The pooling and trading of the note severed the unity of note and mortgage. It is a settled principle that "the mortgage follows the note": Carpenter v. Longan, 83 U.S. (16 Wall.) 271 (1872): An assignment of the mortgage without the note is a nullity. Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo. Ct. App. 2009): Transfer of deed of trust without note conveys no interest. Because the note was securitized, the original lender could not demonstrate lawful ownership or possession of the instrument. The alleged "holder" of the mortgage lien was at all times separated from the true

owner of the debt, rendering the lien unenforceable and foreclosure void, ab initio. The bank and servicers also failed to disclose the tax events and IRS filings (Forms 1099- A, 1099-OID, 1099-INT) generated by securitization. This concealment deprived Affiant of accounting rights under: UCC 9-210 (right to accounting of collateral obligations).   26 U.S.C. §§ 61(a), 6050P (income reporting and cancellation of debt reporting requirements).

### Assignments, Robo-Signing, and Land Records Fraud

In order to maintain the appearance of lawful standing to foreclose, the alleged lender and its agents engaged in the fabrication and filing of fraudulent assignments, substitutions of trustee, and endorsements in county land records. These documents were often executed by individuals lacking lawful authority — so-called "robo-signers" — who simultaneously held multiple contradictory titles such as "Vice President" of one bank and "Assistant Secretary" of another, sometimes signing hundreds of documents per day. Such acts constitute:  Forgery and uttering of false instruments, prohibited under 18 U.S.C. § 471–472. False statements within U.S. jurisdiction, criminalized by 18 U.S.C. § 1001.  Mail and wire fraud, under 18 U.S.C. §§ 1341–1343, where fraudulent assignments were transmitted via mail and electronic filings. County Recorders, operating under a duty to record presented documents, were deceived into accepting instruments that were materially false. This created a cloud on title to the property and undermined the integrity of the public land records system. By filing fraudulent assignments and concealing the fact that the note had been securitized and sold, the alleged lender and its agents violated the principle that: A mortgage cannot exist apart from the debt it secures (Carpenter v. Longan, 83 U.S. 271 (1872). An assignment of mortgage without the note is void (Bellistri v. Ocwen, 284 S.W.3d 619 (Mo. Ct. App. 2009). These acts further violated Affiant's rights under:  Fifth Amendment – no person shall be deprived of property without due process of law. Civil Rights Act of 1866, 14 Stat. 27 – securing the right to own and convey property free from interference and fraud. 42 U.S.C. § 1983 – civil liability for deprivation of property rights under color of law. The fraudulent assignments and robo-signed substitutions created the illusion that foreclosure was lawful, when in truth: The party initiating foreclosure had no lawful ownership of the note.   The chain of title was irreparably broken. The lien was void for want of enforceable security interest.

**Foreclosure Attempts & Constructive Fraud in Court**

Despite lacking lawful ownership of the note, the alleged lender, its servicers, and attorneys initiated foreclosure proceedings against Affiant. These proceedings were predicated upon fraudulent assignments, false affidavits, and fabricated evidence, all of which constitute fraud upon the court. In many foreclosure actions, lenders or their agents present: Lost Note Affidavits, falsely claiming the original note has been lost or destroyed, when in fact it has been securitized and traded. Business Records Affidavits, wherein corporate employees attest to records they have no personal knowledge of, violating the rules of evidence. Copies of notes rather than the original wet-ink signed instrument, in violation of UCC § 3-501(b)(2), which entitles the obligor to demand production of the original.

**Such practices violate the most fundamental principles of due process and evidence law:**

United States v. Throckmorton, 98 U.S. 61 (1878): Fraud upon the court voids all judgments obtained thereby. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944): Courts must set aside judgments obtained by fraud. Norton v. Shelby County, 118 U.S. 425 (1886): Acts void from inception cannot be made valid by time or usage. Attorneys and officers of the court who knowingly submit fraudulent instruments or perjured affidavits violate: 18 U.S.C. § 1621–1623 (perjury and false declarations). 18 U.S.C. § 1341–1344 (mail/wire/bank fraud when transmitting fraudulent pleadings). 18 U.S.C. § 241–242 (conspiracy and deprivation of rights under color of law). The very initiation of foreclosure without possession of the original note and proof of lawful ownership is an act of constructive fraud, depriving Affiant of property without lawful authority and in violation of: Fifth Amendment – deprivation of property without due process. Article I, Section 10 of the Constitution – prohibition on impairing the obligation of contracts, violated by enforcing instruments materially altered from their original form. The court itself becomes unwittingly or knowingly complicit in fraud when it allows such proceedings to continue without demanding strict proof of standing and production of the original instrument. Such actions violate the doctrine that jurisdiction cannot be conferred by fraud or consent: Ex parte Lange, 85 U.S. (18 Wall.) 163 (1873): Jurisdiction cannot be enlarged beyond that which the law confers. Johnson v. Zerbst, 304 U.S. 458 (1938): A judgment without jurisdiction is void and subject to collateral attack.

### Consequences of Fraud (Civil, Criminal, and Commercial Liability)

The fraudulent creation, alteration, securitization, and attempted enforcement of the alleged mortgage contract subjects all participating parties — lenders, servicers, trustees, attorneys, and agents — to civil, criminal, and commercial liability.

### Civil Liability:

42 U.S.C. § 1983 – permits civil action for deprivation of property rights under color of law. 42 U.S.C. § 1985(3) – conspiracy to interfere with civil rights, applicable where multiple actors collude to deprive Affiant of property. 15 U.S.C. § 1640 (TILA) – imposes civil damages for failure to disclose material credit terms. 15 U.S.C. § 1692g (FDCPA) – requires debt collectors to validate debts; failure to do so bars enforcement.  Restitution and quiet title are available remedies where fraudulent encumbrances cloud lawful ownership.

### Criminal Liability:

18 U.S.C. § 1001 – false statements in official proceedings. 18 U.S.C. § 1341–1344 – mail, wire, and bank fraud. 18 U.S.C. § 1951 (Hobbs Act) – extortion under color of official right. 18 U.S.C. § 1956–1957 – money laundering, implicated in securitization and profit-shuffling schemes. 18 U.S.C. § 241–242 – conspiracy against rights and deprivation of rights under color of law, escalating to imprisonment for life if injury results.

### Commercial Liability (UCC/Equity):

UCC § 3-305(a)(1)(iii) – fraud in the factum is a complete defense, voiding the instrument. UCC § 3-407 – material alteration discharges the obligation. UCC § 9-210 – obligates secured parties to provide accounting of collateral, which the alleged lender failed to do.  Maxim of Equity: "Equity will not suffer a wrong without a remedy." All fraudulent contracts are void ab initio, and restitution must be granted. The attempted foreclosure constitutes not only a trespass upon Affiant's property rights AND a violation of public trust and fiduciary obligations. The lenders and their agents, acting

in bad faith, have: Enriched themselves unjustly by securitizing and trading the note.   Deprived Affiant of due process and equal protection.  Corrupted the public records through false filings.

### Consequences:

All alleged mortgages, notes, deeds of trust, assignments, or foreclosures are void and unenforceable.  All actors who participated are personally liable as trustees de son tort, bearing full civil, criminal, and commercial liability. Any further attempts at enforcement will be deemed acts of willful fraud, bad faith, and trespass, subjecting the actors to damages, penalties, and equitable remedies, including but not limited to quiet title, disgorgement, and punitive damages.

### Specific Counts of Fraud, Breach, and Violations

### Count I – Fraud in the Factum

Affiant was deceived into believing that the alleged lender provided a loan of lawful funds. In reality, the lender provided no consideration, but instead converted Affiant's promissory note into its own asset, thereby creating credit against Affiant's signature.  This constitutes fraud in the factum, voiding the contract under UCC § 3-305(a)(1)(iii).

### Count II – Failure of Consideration

A valid contract requires mutuality of obligation and lawful consideration. The lender risked nothing of its own assets and provided no lawful substance. Contracts without consideration are void ab initio under common law, constitutional principles, and statutory law including 12 U.S.C. § 24 (Seventh).

### Count III – Material Alteration of Instrument

The promissory note was altered from its original form into a negotiable instrument and traded as a security. Under UCC § 3-407, material alteration discharges the obligor's duty and renders the instrument unenforceable.

### Count IV – Securities Fraud

The securitization of Affiant's note, assignment of a CUSIP number, and sale to investors constituted securities transactions. Affiant was never informed, nor compensated, for these acts. Such conduct constitutes violations of the Securities Exchange Act of 1934, 15 U.S.C. §78j (Rule 10b-5), which prohibits fraud, misrepresentation, and deceit in securities dealings.

### Count V – Fraudulent Conveyance and Recordation

Robo-signed assignments, false substitutions of trustee, and fabricated endorsements were filed in county land records. These filings are void as they were executed by individuals without lawful authority and with intent to deceive. Such conduct violates 18 U.S.C. § 1001 (false statements), 18 U.S.C. §§ 1341–1343 (mail and wire fraud), and Civil Rights Act of 1866, 14 Stat. 27, securing the right to property free from fraud.

### Count VI – Deprivation of Rights under Color of Law

By pursuing foreclosure without standing, the lender and its agents attempted to deprive Affiant of property rights. This constitutes violations of: 42 U.S.C. § 1983 – deprivation of rights under color of law.  42 U.S.C. § 1985(3) – conspiracy to deprive rights. 18 U.S.C. § 241–242 – criminal conspiracy against rights.

### Count VII – Breach of Fiduciary Duty & Constructive Fraud

As original custodian of the note, the lender owed Affiant duties of good faith, fair dealing, and full disclosure. By concealing securitization, failing to account for IRS filings, and profiting from Affiant's signature without disclosure, the lender engaged in constructive fraud and breach of fiduciary duty.

### Count VIII – RICO (Racketeer Influenced and Corrupt Organizations)

The acts of securitization fraud, mail/wire fraud, perjury, and false filings constitute a pattern of racketeering activity under 18 U.S.C. §§ 1961–1968 (RICO). Each foreclosure attempt based on fraudulent documents is part of a continuing criminal enterprise, exposing the actors to treble damages and criminal penalties.

### Remedies and Demands (Prayers in equity, in respect to Judge)

### A. Cancellation and Discharge of Instruments

That the alleged Promissory Note, Mortgage/Deed of Trust, assignments, substitutions of trustee, and all derivative instruments be declared null, void, and of no legal effect, ab initio, due to fraud, failure of consideration, material alteration, and violation of constitutional and statutory law. That the property located at 18349 SHADY HILLS ROAD, 34610-6780, be restored to Affiant's estate free and clear of all unlawful encumbrances.

### B. Quiet Title

That the county land records be corrected and perfected to reflect Affiant's lawful ownership, unclouded by fraudulent filings, in accordance with: Carpenter v. Longan, 83 U.S. 271 (1872) – a mortgage without a note is a nullity. 14 Stat. 27 (Civil Rights Act of 1866) – securing property rights free from encumbrance. Common law principles of quiet title and equity jurisdiction.

### C. Restitution and Accounting

That Respondents provide full and complete accounting of all profits, credits, derivatives, insurance proceeds, IRS filings, and securities trades derived from Affiant's signature and estate, as required under UCC § 9-210 and 26 U.S.C. § 6050P. That all such proceeds be disgorged and returned to Affiant's estate, including any sums realized through securitization, credit default swaps, and insurance claims.

### D. Damages

That Affiant be awarded damages for injuries suffered, including but not limited to: Compensatory damages for loss of quiet enjoyment, clouded title, and financial harm. Statutory damages under 15 U.S.C. § 1640 (TILA), 15 U.S.C. § 1692k (FDCPA), and related consumer protection statutes. Punitive damages for willful fraud, misrepresentation, and bad faith. Treble damages under 18 U.S.C. § 1964(c) (RICO), for Respondents' participation in a pattern of racketeering activity.

### E. Injunctive Relief

That Respondents and their agents be permanently enjoined from: Initiating or continuing any foreclosure action against the subject property.  Recording or filing any further fraudulent instruments. Contacting Affiant as debtor, obligor, or surety of any alleged loan or obligation relating to the void instruments.

## F. Criminal Referral

That the facts and sworn testimony contained herein be referred to appropriate authorities, including but not limited to: The United States Attorney for violations of 18 U.S.C. §§ 1001, 1341–1344, 1951, 1956–1957, and 1961–1968 (fraud, extortion, money laundering, RICO). The State Attorney General for violations of state notary, recording, and fraud statutes.  The Securities and Exchange Commission (SEC) for violations of securities laws under the Securities Exchange Act of 1934. The Internal Revenue Service (IRS) for unlawful concealment of tax events, OID fraud, and improper reporting.

## Oath, Affirmation, and Closing Declaration - Affirmation of Truth

I, Rodriguez, Vincent Michael, a living man, sui juris, in propria persona, do solemnly swear, affirm, and declare: That I am competent to testify to the matters set forth herein. That I have personal knowledge of the facts stated in this Affidavit. That all statements, allegations, counts, and remedies expressed in Sections I through IV are true, correct, complete.

## Reservation of Rights

I explicitly reserve all unalienable rights under Natural Law, the Constitution for the United States of America, the Bill of Rights, and the organic Constitution of my state. I further reserve all rights under UCC § 1-308 ("Without Prejudice"), ensuring that no statement herein may be construed as a waiver of rights, remedies, or defenses.

## Affidavit as Self-Executing Judgment

This Affidavit stands as a sworn testimony, notice, and self-executing judgment in commerce. Failure of any Respondent to rebut each and every sworn fact and count herein with verified evidence, under oath and full commercial liability, within Thirty (30) days of presentment,

shall constitute: Tacit admission of all facts. Default judgment in favor of Affiant. Commercial estoppel barring Respondents from future claims or enforcement.

**Declaration:** I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that the foregoing Affidavit of Mortgage Cancellation & Fraud, consisting of Sections I through V, is true.

Executed this 4 day of MAY 2026, in the County of Pasco, State of Florida.

By: _Vincent M. Rodriguez_

Rodriguez, Vincent Michael, A Living Man, Sui Juris.

**Notary Acknowledgment**

State of FLORIDA

County of ~~PASCO~~ Hernando 𝔴 ss.

On this 4 day of MAY 2026, before me, the undersigned notary public, personally appeared _Vincent M Rodriguez_, known to me to be the living man who executed the foregoing instrument, and acknowledged that they executed the same for the purposes

In witness whereof, I hereunto set my hand and official seal.

_Vincent M. Rodriguez_ _____ CERTIFIED Mail Number:
9589 0710 5270 3843 8182 97

Notary Public: UPS STORE - 138 Mariner Blvd. Spring Hill, FL, 34609

VAIBHAVI C. PATEL
Notary Public
State of Florida
Comm# HH351481
Expires 1/19/2027

State of _FL_ County of _Hernando_

Subscribed and sworn to (or affirmed) before me on this _4_ day of, _May_ , 20_26_ by _Vincent M Rodriguez_ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Signature _____