**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VINCENT MICHAEL RODRIGUEZ,

     Plaintiff,

v.                                                              Case No. 8:26-cv-1368-TPB-CPT

PLANET HOME LENDING, LLC and
M&T BANK,

     Defendants.

_____/

**<u>ORDER GRANTING IN PART DEFENDANT PLANET HOME
LENDING, LLC'S "MOTION TO DISMISS COMPLAINT"</u>**

This matter is before the Court on Defendant Planet Home Lending, LLC's

"Motion to Dismiss Complaint," filed on May 29, 2026.  (Doc. 3).  Plaintiff Vincent

Michael Rodriguez failed to file a response in opposition, and the time to do so has

expired.  After reviewing the motion, court file, and the record, the Court finds as

follows:

This case appears to arise from a dispute about a mortgage.  Plaintiff Vincent

Michael Rodriguez sues Defendants Planet Home Lending LLC and M&T Bank

largely based on claims that he never received notice of default or an opportunity to

cure (presumably related to a mortgage and note).  Although rife with confusing

jargon and legal conclusions, the complaint reveals few operative facts, although it

appears that Plaintiff has admitted to defaulting on payments owed.

In the complaint, Plaintiff has nominally asserted claims for "fraud in the

factum" (Count I), "failure of consideration" (Count II), "material alteration of

instrument" (Count III), "securities fraud" (Count IV), "fraudulent conveyance and recordation" (Count V), "deprivation of rights under color of law" (Count VI), "breach of fiduciary duty and constructive fraud" (Count VII), and violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (Count VIII). Plaintiff seeks among other things, damages for violations of the Uniform Commercial Code and United States Code, "rescission of the entire mortgage and note of mounting to clear title to properly with fixtures," damages in the amount of three times the interest paid, clear title to the property, return of the down payment and other payments plus interest, and compensatory and punitive damages, among other things.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a

court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

Defendants contend that the complaint fails to comply with basic pleading requirements. The Court agrees and concludes that the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1)　complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive

count to carry all that came before and the last count to be a combination of the entire complaint;

(2)     complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)     complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)     complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Plaintiff's complaint "lacks factual allegations that would explain the context and basis" of his claims. *See CNI Express, LLC v. BMO Harris Bank Nat'l Assoc.*, No. 8:23-cv-1577-CEH-JSS, 2023 WL 5758932, at *2 (M.D. Fla. Sept. 6, 2023). Ultimately, "the factual and legal bases for Plaintiffs" claims are virtually impossible to understand" and "fail to give . . . adequate notice of the causes of action being asserted . . . ." *See id.* Plaintiff's claims ultimately rely on conclusory statements about violations without providing sufficient facts about what violations allegedly occurred and which defendant committed which alleged violations. Plaintiff also does not separate into different counts each cause of action or claim of relief. In an abundance of caution, the Court will grant an opportunity to amend, if Plaintiff may do so in good faith.[1]

---

[1] Defendant Planet Home Lending LLC essentially argues that Plaintiff stopped making payments and defaulted on his mortgage loan, and that Plaintiff filed this case "to avoid

In an amended complaint, Plaintiff should allege each of his separate causes of action in a separately numbered count, each of which should assert a single claim for relief.[2]  Each count should set forth specific factual allegations that explain the basis for that cause of action.  Plaintiff should include all of his allegations in the amended complaint and not refer to the original complaint.  The Court notes that although most claims need to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, some claims – such as any claims sounding in fraud – must meet the specificity requirements of Rule 9.

In an amended complaint, Plaintiff must also establish a basis for subject matter jurisdiction – either by raising a question under federal law,[3] or by properly pleading the requirements of diversity jurisdiction.  Plaintiff must also plead facts that would establish venue within this jurisdiction.  A failure to do so will result in the dismissal of this case without prejudice without further notice.

The Court notes that Plaintiff appears to incorporate some language commonly used by those entangled in what is known as the "sovereign citizen movement" although he does not explicitly identify himself as a sovereign citizen.

---

foreclosure and get a free house."  If true, Plaintiff would not have a good faith basis to file an amended complaint.

[2] Although the motion to dismiss addresses some of the individual claims raised, because the Court finds that the complaint constitutes a shotgun pleading and Plaintiff's claims were only raised nominally at best, the Court declines to address those arguments.  But those arguments may, of course, be raised again should Plaintiff file an amended complaint.

[3] Plaintiff must do more than make vague references to federal statutes or laws.  To the extent that Plaintiff specifically makes references to the Uniform Commercial Code – as is common among sovereign citizens – the Court notes that "[t]he UCC, itself, is not the law of any state, nor is it federal law.  In order to support a cause of action, a plaintiff must rely on a state's codification of the UCC." *See Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004).

Federal courts routinely dismiss sovereign citizen theories as frivolous.  *See, e.g.,*
*Linge v. State of Ga. Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014); *see also Trevino v.*
*Florida*, 687 F. App'x 861, 862 (11th Cir. 2017); *United States v. Sterling*, 738 F.3d
228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by
[sovereign citizens'] attempts to delay judicial proceedings and have summarily
rejected their legal theories as frivolous.").  ***If Plaintiff is advancing any***
***sovereign citizen theory, such argument will not be entertained***.  *See Steven*
*Macarthur-Brooks Est. v. Moreno*, No. 24-cv-24273-ALTMAN, 2025 WL 30390, at *8
(S.D. Fla. Jan. 6, 2025) (remanding case after concluding that frivolous sovereign
citizen theory related to the UCC did not establish federal question jurisdiction);
*Larkins v. Montgomery Cty. Cir. Ct.*, No. 2:19-cv-281-MHT-WC, 2020 WL 2744116,
at *3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted by* 2020 WL
2739821 (M.D. Ala. May 26, 2020).  But based on shotgun nature of the complaint,
the Court is not able to ascertain with certainty if that is Plaintiff's intent at this
time, so in an abundance of caution, the Court will permit Plaintiff the opportunity
to amend his complaint.  Should Plaintiff refile a frivolous amended complaint with
no basis in law or fact, the Court may consider Planet Home Lending, LLC's request
for fees and costs under the mortgage and RICO statute.

### Warning for *Pro Se* Litigant

**The Court notes that even *pro se* plaintiffs must follow procedural**
**rules, including the Federal Rules of Civil Procedure and the Local Rules**
**of the Middle District of Florida.  Litigation - particularly in federal court -**

**is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to _pro se_ litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist _pro se_ litigants proceeding in federal court, which is located on the Court's website.  The Court is unlikely to grant another opportunity to amend.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Planet Home Lending, LLC's "Motion to Dismiss Complaint" (Doc. 3) is **GRANTED** to the extent that Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

2. The motion is otherwise **DENIED WITHOUT PREJUDICE**.  Defendant may raise these arguments in future filings.

3. Plaintiff is directed to file an amended complaint on or before July 8, 2026.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of June, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE